*Michael N. Mastoris, D.C.*
*24 Hluchy Road*
*Robbinsville, New Jersey 08691*

*Wednesday, 28 August 2013*

RE:   3:13-cv-05008-PGS-LHG
**Wells Fargo Bank, N.A., v. Mastoris**
Removed pursuant to 28 USC 1443 from
New Jersey Superior Court, Monmouth Co.
Chancery Court Docket No.: F-21163-10

RECEIVED
AUG 29 2013
AT 8:30_____M
WILLIAM T. WALSH
CLERK

The Honorable Lois H. Goodman
United States Magistrate Judge
United States District Court
District of New Jersey, Trenton

(1)   Request for Extension of Time to Respond and
Continuance of Hearing Set for September 16, 2013
(2)   Request for Waiver of Local Counsel Requirement to
Permit Appearance of Attorney Dara Leigh Bloom
(with her application attached which was refused last week)
(3)   Request to Permit Full Briefing of Grounds for
Civil Rights Removal under Rule 11(b)(2) the claims, defenses,
and other legal contentions are warranted by existing law or by
a nonfrivolous argument for extending, modifying, or reversing
existing law or for establishing new law.

Dear Judge Goodman:

*First:* I am writing to request a continuance of the hearing set for September 16, 2013,, until Monday, October 28, 2013, and an extension of my time to respond to the Plaintiff's (Wells Fargo Bank's) Motion for Remand filed Friday, August 23, 2013, until Monday, October 14, 2013.

I received your Scheduling Order setting a hearing for October 28, 2013 at 3:00 in Trenton. In that order you did not mention the fact that the

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel*   1
*Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the*
*Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

Plaintiff has filed a Motion for Remand and set a hearing on that motion for Monday, September 16, 2013.

I have reviewed the local rules of the United States District Court for the District of New Jersey and notice that 6.1(b) provides that:

> (b) The time within which to answer or reply to any pleadings as to which a responsive pleading is permitted may, before the expiration of the original deadline to answer or reply thereto, and with or without notice, be extended once for a period not to exceed 14 days on order granted by the Clerk. Any other proposed extension of time must be presented to the Court for consideration.

I also note Local Rule 7.1(d)(5):

> (5) The original motion day of a dispositive motion may be adjourned once by a party opposing the motion, without the consent of the moving party, the Court, or the Clerk. To obtain the automatic extension a party must file with the Clerk, and serve upon all other parties, a letter stating that the originally noticed motion day has not previously been extended or adjourned and invoking the provisions of this rule before the date on which opposition papers would otherwise be due under L.Civ.R. 7.1(d)(2). That letter shall set forth the new motion day, which shall be the next available motion day following the originally noticed date. All parties opposing the motion shall file their opposition papers at least 14 days prior to the new motion day, and the moving party shall file its reply papers, if any, at least seven days prior to the new motion day. No other extension of the time limits provided in L.Civ.R. 7.1(d)(2) and (3) shall be permitted without an Order of the Court, and any application for such an extension shall advise the Court whether other parties have or have not consented to such request.

Read together, these two rule suggest to me that, since this is the first setting and this noticed motion day has not been previously extended or adjourned, and because my response day would as of today still be September 2, 2013, next week. I am at the very least entitled to an automatic continuance of the September 16, 2013 hearing, at least until September 30, 2013, so that my new response due date would be September 16, 2013. At the very least I do

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel*   2
*Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the*
*Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

request that the Court grant me this minimum "automatic" extension of two weeks.

However, it would be more just and fair and reasonable, and a better use of this Court's time, to combine the Plaintiff's Motion for Remand with the Scheduling Order set for Monday October 28, 2013, a mere four weeks later. The Plaintiff's counsel filed a Motion to Remand so quickly (within two days of removal) simply because the Plaintiff, Wells Fargo Bank, N.A, cannot bear the exposure to judicial scrutiny which the facts of this case and I, as Defendant, demand.

Wells Fargo Bank, N.A., is engaged in a great scheme to defraud me, by forgery and false pretenses, and has carefully formed a great plan to deceive and manipulate the Chancery Courts of the State of New Jersey as well. So there is nothing just, fair, or "equitable" in the least about speeding up foreclosures to hide forgery and lack of standing.

The New Jersey Supreme Court ruled in February of last year (***US Bank Nat. Ass'n v. Guillaume*, 209 N.J. 449, 38 A.3d 570 (New Jersey 2012)**) that "standing is not jurisdictional" in New Jersey. This abolition of a standing requirement amounts to saying that, at least in the context of foreclosure litigation in New Jersey, "Banks don't have to prove they have a right to sue to take someone's property in New Jersey in order to file suit, and obtain judgment of foreclosure, because the NJ courts have given notice they won't reverse when Banks obtain judgments to take and sell property which they have no right to take or sell."

I submit to this Court that standing to file suit to obtain the property of another is a key right guaranteed under the U.S. Constitution pursuant to the due process and equal protection clauses of the Fifth and Fourteenth Amendments. I submit to this Court that the Supreme Court of New Jersey has now so construed and applied New Jersey foreclosure law as to create two classes of "citizens": (1) favored non-natural persons, corporate entity creations of State and Federal law known as Banks, to whom the rules of law, equity, fairness, and the constitutional rules of due process and equal protection do not apply, so that they can seize whatever property they want without proving entitlement to do so and (2) disfavored natural persons, living and breathing souls who need a home and a place to live, who are now required to accept the deprivation of their equal rights of access to the

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel*   3
*Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the*
*Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

Courts and as a consequence their equal rights to make and enforce contracts to acquire and maintain ownership of real and personal property.

The Plaintiff Wells Fargo Bank, N.A., wants to remand the case quickly so that they can sell my home quickly, and avoid Federal Judicial Scrutiny to an expert-proved forgery, a promissory note (negotiable instrument) in excess of $1,000,000 face value. How long would a private individual, a natural person, sit in jail if he were convicted of attempted to pass a forged check for over a million against no funds in any bank account? This is the equivalent of what Wells Fargo Bank, N.A., is doing, but I need two full months (60 days from today) to get ready for the first hearing in this case. There is no margin for error, I understand that this is a fight for my life and the life of my family, and possibly for the life of my country, against predatory banks who have too much power over the State Judicial System--- I can only pray that the situation is different in this United States District Court for the District of New Jersey.

*Second, I would like to request that this Court waive the Local Counsel requirement so that my attorney of choice, Dara Leigh Bloom, from Texas, can appear immediately in this case and speak for me in Court.*

I am not being "cheap", your honor, I just cannot find anyone with a bar license in New Jersey willing to take on Wells Fargo Bank, the **Guillaume** decision, and the way the Superior Courts here in New Jersey seem to grant thousands of default judgments in foreclosure cases without actual due process of law. It is my understanding that "due process" means, at a minimum, actual notice of intent to deprive a person of rights in his or her liberty or property (usually accomplished by actual service of process or summons to court), and a meaningful opportunity to respond.

The New Jersey Superior Courts appear to offer NEITHER actual notice nor meaningful opportunity to respond, and that is why most of the foreclosure cases in New Jersey, like **Guillaume** and a dozen or more others I have reviewed from the past two years, go up on appeal of denials of motions to vacate under Civil Rule 4:50-1. No one in New Jersey is ever actually served with a foreclosure complaint, apparently. So there are no foreclosure trials, hardly even any motions for summary judgment, just a train of defaults, running through the Chancery Division Stations at Monmouth and every other county seat.

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel      4
Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the
Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

I have lived in New Jersey my whole life and I have many friends and acquaintances who are lawyers. I have asked them all to appear as local counsel with Ms. Bloom and none are willing to do so, fearful either of too much work or exposure to potential liability or both. In addition to asking attorney friends of mine to appear in this case, my business associate and landlord, Mr. Lincoln, posted an ad on Craig's List seeking local counsel for Ms. Bloom in this case. While several attorneys responded, so far none have agreed to act on my behalf with Ms. Bloom. We will keep looking but we need for Ms. Bloom to appear and represent us both together. For that reason we request a waiver of the Court's requirement of local counsel.

I hear the word "frivolous" being bandied about a lot, but the only "frivolous" thing I see is the way that the Chancery Courts of New Jersey, in general, as a rule, I'm sure with some exceptions, seem to handle foreclosure cases, and the way that the Chancery Clerks of New Jersey acquiesce and do whatever the Banks, in particular Wells Fargo, want them to do---even to the point of abolishing "standing to sue" as a jurisdictional requirement for the entry of a valid judgment depriving a (natural) person of his life, liberty, and property interests in his or her home.

As Exhibit A, to this letter, I have attached Dara Leigh Bloom's signed Application to Appear Pro Hac Vice which she overnighted to me in time to file together with my Notice of Removal, an earlier version of which she had also signed and sent to me for filing in Trenton on Wednesday, August 21, 2013. We have made further, draconian, efforts over the past week to obtain local counsel. Nobody wants to do so, at least nobody we have found yet.

I am American born, your honor, of Greek heritage and extraction. My ancestors invented the word "Democracy" and among them, Demosthenes, Socrates, Plato, and Aristotle formulated much of the rhetorical basis for what now constitutes our notions "law" and "justice" as argued in the Areopagus of Athens. On that ancient "rock of Mars", my ancestors debated the very ethical foundations of Western Civilization and heard the Sermons of St. Paul exhorting them to a new path to a better life.

I am not looking for martyrdom like that suffered by Socrates or St. Paul, and I know that I cannot actually speak or understand the law or court procedure well enough to speak on my own behalf. For that reason, I need

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel*   5
*Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the*
*Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

an attorney, and I have only found one who will present the argument and case that I want to have presented, that I believe much be presented in this case to redress and remedy the criminal acts committed by Wells Fargo.

*Third, I have no doubt whatsoever that the reason we're having trouble finding local counsel is because we live in a repressive period of United States history, and nobody wants to "rock the boat" even if to do so would save millions from illegal expropriation by banks.*

I want to admit to this court, at the outset, that I know I have removed this case to the United States District Court under a set of circumstances which the United States Supreme Court has never before allowed. The United States Supreme Court has said that Civil Rights Removal should only be allowed to remedy race-based discrimination enshrined in and authorized by state statutes, such as the old statutes requiring separate "white" and "coloured" restaurants and even lunch counters.

I want to tell you that I think this is preposterous. 28 USC §1443 is race-neutral on its face, and the text of this statute, which is the true law of the land, says that Civil Rights Removal should be allowed in all cases where a Defendant is denied the equal protection of the laws by a comprehensive statutory scheme.

In my opinion, this court should follow the 2007 dictates of the United States Supreme Court that: "[a]t the heart of the Constitution's guarantee of equal protection lies the simple command that the Government must treat citizens as individuals, not as simply components of a racial, religious, sexual or national class." ***Miller v. Johnson,*** 515 U.S. 900, 911, 115 S. Ct. 2475, 132 L. Ed. 2d 762 (1995) (other citations and internal quotation marks omitted)." ***Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1,*** 551 U.S. 701, at 730, 127 S. Ct. 2738, at 2757-2758, 168 L. Ed. 2d 508, at 530 (2007).

I want to submit to you that the term "national class" should be construed to mean any nationwide class, and I think that the two evolving classes of Banks vs. Natural Person Homeowners is an illegitimate class distinction in this Court.

I submit, but I want to have a trained attorney argue, my attorney Dara Leigh Bloom, that this United States District Court should seriously

consider and actually apply to 42 U.S.C. §§1981 and 1982 the principles articulated by the United States Supreme Court repeatedly over the past twenty years that all government racial classifications (including Federal classifications) must be analyzed by a reviewing court under strict scrutiny in the modern line of equal protection cases going back to the 1989 decision in ***City of Richmond v. J.A. Croson Co.***, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854, (U.S.Va., Jan 23, 1989).

Following ***Croson*** the Court handed down a consistent series of cases and opinions expanding on Justice O'Connor's ruling that all race-based schemes should be examined under the "strict scrutiny" standard, namely: ***Adarand Constructors, Inc. v. Peña,*** 515 U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), ***Johnson v. California,*** 336 F.3d 1117 (9th Cir., Jul 28, 2003), ***Grutter v. Bollinger***, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, (U.S., Jun 23, 2003), ***Johnson v. California***, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949, (U.S., Feb 23, 2005).

I submit to this court, though I need my attorney to argue it orally before the court, that the United States Supreme Court, in the 1960s, inadvertently applied and construed 28 USC §1443 to be nothing more than a judicially formulated and implemented affirmative action ("reverse discrimination") program in which race-based classifications are used to pervert an otherwise race neutral law for the sole purpose of placing the majority of all Americans (ironically enough, black, white, brown, yellow, and red, truly without regard to race) at a terrible disadvantage when confronted by other state statutory schemes which create unequal classes of citizens. In the case of residential home foreclosure, those two cases are Banks vs. Natural Person homeowners.

The point can simply not be overstated that "civil rights are for all people, in all circumstances, not just circumstances where racial discrimination is a factor---even middle class white people can be victimized by denials of equal protection and due process, even by the Courts." the Equal Protection Clause "protect[s] persons, not groups," ***Adarand v. Peña***, 515 U.S., at 227, 110 S. Ct. 2997, 111 L. Ed. 2d 445 (emphasis in original).

I hope that this Court will allow fuller briefing on this point by my attorney Dara Leigh Bloom, and permit her to appear and answer Wells

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel   7*
*Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the*
*Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

Fargo's Motion for Remand by presenting her own full, good faith argument, pursuant to Rule 11(b)(2), that all claims underlying my removal from the Monmouth County Chancery Division to this court were and are "claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Yours very truly,

Michael N. Mastoris, *pro se*
24 Hluchy Road
Robbinsville, New Jersey 08691

I have provided a copy of this letter:

VIA FACSIMILE to **(609) 951-0824**

And e-mail to ***dbettino@reedsmith.com***

Diane A. Bettino, Esquire
Reed Smith LLP
Princeton Forrestal Village
136 Main Street
Princeton, New Jersey 08543
Telephone: (609) 514-5962

And to:
Dara Leigh Bloom
Attorney & Counselor at Law

and

Charles Edward Lincoln III
1748 Prytania Street, #B5
New Orleans, Louisiana 70130