# Exhibit A:
# Dara Leigh Bloom's Application to Appear Pro Hac Vice, Not Even Accepted for Filing without Local Counsel on Filing of Notice of Removal
# August 21, 2013

*Letter Request for Extension of Time and Continuance, to Allow Appearance of Counsel   9
Pro Hac Vice, and to Permit Arguments to Justify the Constitutional Extension of the
Application and Construction of Civil Rights Removal under 28 U.S.C. Section 1443.*

Dara Leigh Bloom
State Bar of Texas: 00783674
1748 Prytania Street, #B5
New Orleans, Louisiana 70130
Mobile Phone: (504) 408-5492
E-mail: **dlb2670@gmail.com**

Applicant as Attorney *Pro Hac Vice*
    for Defendants
Charles Edward Lincoln, III and
Michael N. Mastoris

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br>     Plaintiff, | § <br> § CIVIL ACTION NUMBER: <br> § <br> § _____ <br> § Dara Leigh Bloom's *Pro Hac Vice* |
| v. | § Motion for Admission as Attorney <br> § for Defendants Lincoln & Mastoris <br> § in their Notice of Removal <br> §     from |
| MICHAEL MASTORIS, <br> MRS. MICHAEL MASTORIS, & <br> Charles Edward Lincoln, <br>     Intervenor/Assignee, <br>         Defendants. | § SUPERIOR COURT OF NEW <br> § **DOCKET NO.: F-21163-10** <br> § CHANCERY DIVISION <br> § MONMOUTH COUNTY <br> § |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Comes now Dara Leigh Bloom to move and request that this Court grant her Motion to Admit Texas Counsel as Attorney for Defendants Michael N. Mastoris and Charles Edward Lincoln III, *Pro Hac Vice*, waiving, at least temporarily, the requirement of local counsel.

Defendants Michael N. Mastoris and Charles Edward Lincoln, III, have been representing themselves, *pro se, in propria persona,* in their Motion to Vacate Final Judgment by Default in Monmouth County Chancery Court, up until the present time, but special circumstances have arisen which require the assistance of counsel. Michael N. Mastoris is a lifelong resident of New Jersey, while Lincoln was born in Texas.

Michael N. Mastoris has committed to looking for and attempting to arrange for the appearance of local counsel. The circumstances requiring appearance of local counsel only crystalized between July 31 and August 19, 2013, and primarily involve Wells Fargo's personal attack on Charles Edward Lincoln III's background in an attempt to distract the Monmouth Chancery Court's attention from Wells Fargo's apparent crimes against Michael N. Mastoris.

Dara Leigh Bloom, a Texas born and educated lawyer herself but current resident of California, who is not a member of the New Jersey Bar or the bar of this district, moves to appear in this case **pro hac vice** behalf of Defendant Michael N. Mastoris and Intervenor Charles Edward Lincoln III. Dara Leigh Bloom states and affirms that she is a member in good standing of the State Bar of Texas, that she has ordered and will provide a certificate of good standing with the State Bar of Texas to file with this Court. She further agrees to submit to and comply with all provisions and requirements of the rules of conduct applicable to lawyers admitted to practice before the United States District Court for the District of New Jersey as well as the State Courts of New Jersey in connection with her **pro hac vice** representation in this case.

Dara Leigh Bloom represents and would show to this Court that has recently accepted a position as "in house counsel" for Charles Edward

Lincoln III, in the newly formed Consulting and Advocacy firm Vindicatio, aka Homeowners Justice, and she states that Wells Fargo has created in the Chancery Court special circumstances in this case which threaten a denial of due process of law, the general principles of "fair play" in litigation, and otherwise warrant her admission.

Dara Leigh Bloom affirms her special commitment to advancing the cause of Home Owners' rights against what she, along with Defendant Michael N. Mastoris and Intervenor Charles Edward Lincoln III, perceive as a nationwide epidemic of bank fraud in connection with securitized mortgage notes, of which the present incidents at Wells Fargo are merely an example.

**THE SPECIAL CIRCUMSTANCES OF *AD HOMINEM ATTACKS***

On August 14, 2013, Reed Smith LLP Attorneys for Wells Fargo Bank, N.A., in the above-entitled and numbered case, through a very strange and utterly irrelevant "curve ball" at the Defendants Michael N. Mastoris and (Defendant-in-Intervention) Charles Edward Lincoln, III. Attorney Diane A. Bettino appears to have decided that the best defense against Lincoln's and Mastoris' charges of fraud in factum and forgery was to attack Lincoln personally for events and issues utterly unrelated to the present case.

The issues in this case (a New Jersey Rule 4:50-1 Motion to Set Aside Judgment) are that a judgment of mortgage foreclosure was entered by default against Michael N. Mastoris despite (1) lack of actual personal service on Michael N. Mastoris, while (2) falsely and fraudulently contending that service was effected on Michael N. Mastoris' long-separated and non-resident wife (who incidentally was inaccurately and fictitiously described by the process server, (3) Wells Fargo Bank's apparent lack of any proof of ownership of a mortgage Michael N. Mastoris took out with Wachovia

Bank, (4) Wells Fargo's apparent forgery of Michael N. Mastoris' promissory note (since Wells Fargo apparently does not own or possess the note), and (5) Wells Fargo's refusal to allow ink or paper testing of the "original note" they discovered on or about July 31, 2013.

These are undoubtedly difficult issues for Wells Fargo Bank to deal with directly. Accordingly, Reed Smith LLP Attorney Diane A. Bettino, on behalf of Wells Fargo Bank, decided to launch an *ad hominem* personal attack Charles Edward Lincoln III's (undeniable, but heretofore irrelevant) personal history as a disbarred attorney convicted in 2000 of the heinous crime of having misstated two digits of his social security number on a non-interest bearing checking account at Wells Fargo Bank.

Producing a number of derivative legal records relating to this episode, Wells Fargo naturally failed to describe the political context and history of Lincoln's disbarment and prosecution for what is arguably the most petty and trivial "felony" anywhere in the United States Code. That political context and history was a series of highly publicized civil rights suits which Lincoln had brought in the famously civil-rights friendly state of Texas against a local police department, one of which cases, ***Atwater v. Lago Vista***, was reviewed in the United States Supreme Court, 532 U.S. 318 (2001) (holding, in a five-to-four decision, that if there is probable cause to believe that an individual has committed any crime, regardless of the ultimate punishment, the officer may arrest the offender without violating the Fourth Amendment).

More disturbingly, immediately upon Diane A. Bettino's appearance in this case, the Monmouth County Chancery Clerk began refusing to accept Lincoln's filings (which, even if none of them had yet been ruled upon, had been accepted as unremarkable and filed by the Monmouth

County Clerk since April of this year 2013). Previous discussions with the Chancery Clerk and Sheriff's Sale Clerk in Monmouth had shown patterns of behavior and dialogue which led Lincoln and Mastoris to believe that Wells Fargo Bank had an absolute and ironclad grip on the Clerk's office and dictated what the Clerk's responses should be to each motion or other action taken.

Admission of out of state counsel on an emergency basis, waiving formal procedural requirements such as the appointment of local counsel, is warranted where a relationship exists between an attorney and client involving special knowledge. In fact, New Jersey Rule 1:21-2(3) provides that there be "good cause" for the admission, includes at least one of the following factors, several of which appear in this case:

(i) The cause in which the attorney seeks admission involves a complex field of law in which the attorney is a specialist, or

(ii) There has been an attorney client relationship with the client for an extended period of time, or

(iii) There is a lack of local counsel with adequate expertise in the field involved, or

(iv) The cause presents questions of law involving the law of a foreign jurisdiction in which the applicant is licensed, or

(v) There is a need for extensive discovery or other proceedings in the foreign jurisdiction in which the applicant is licensed, or

(vi) Such other reasons similar to those set forth in this subsection as would present good cause for the Pro Hac Vice Admissions.

    (i) Applicant Dara Leigh Bloom submits that, as "in house" counsel to Charles Edward Lincoln, III, and his consulting firm "Vindicatio"

    aka "Homeowners' Justice", she has dedicated herself to specializing in mortgage fraud as a result of securitization.

(ii) She has a special attorney-client relationship with Charles Edward Lincoln III, who in turn has had a four-year relationship as agent with power of attorney for Michael N. Mastoris.

(iii) Neither Lincoln nor Mastoris have identified any New Jersey counsel with similar background, commitment, or credentials.

(iv) Only because of Wells Fargo's aforementioned (though essentially irrelevant) *ad hominem* attacks against Charles Edward Lincoln III because of his background as a disbarred attorney in Texas, the present cause presents questions of law involving the law of a foreign jurisdiction in which the applicant is licensed (namely the State of Texas, where Dara Leigh Bloom has represented attorney clients involved in disciplinary matters before the Texas Supreme Court).

(v) Wells Fargo Home Mortgage Operations (Financial Services and Corporate Office) Center with which Lincoln and Mastoris have been in contact is in San Antonio, Texas, although a new Wells Fargo Home Mortgage Operations Center has just this year been opened up in Irving, Texas. Either way, Defendants predict that there will actually be a need for extensive discovery or other proceedings in the foreign jurisdiction (Texas) in which the applicant is licensed specifically relating to the handling of this case.

(vi) Accordingly, in general, good cause exists for the admission *pro hac vice* of Dara Leigh Bloom in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court will take note of their Notice of Removal, that all proceedings and actions (including the sale of the subject property) are and ought to remain enjoined during the pendency of this lawsuit, and that Defendants be allowed to plead counterclaims and, if necessary, consolidate this removed foreclosure lawsuit with a separate Complaint for Fraud against Wells Fargo Bank and its attorneys.

Defendants also pray that this Court will approve the application of their attorney, Dara Leigh Bloom, to appear pro hac vice in this case, submitted as of even date with this Notice of Removal.

Wednesday 21 August 2013

Respectfully submitted,

By: *Dara Leigh Bloom*
Dara Leigh Bloom, Attorney-at-Law
State Bar of Texas: 00783674
1748 Prytania Street, #B5
New Orleans, Louisiana 70130
Mobile Phone: (504) 408-5492
E-mail: **dlb2670@gmail.com**

Applicant to Appear as Attorney
  *Pro Hac Vice*
    for Removing Defendants
Charles Edward Lincoln, III and
Michael N. Mastoris

## PROOF OF SERVICE

I declare and certify that a true and correct copy of the above-and-foregoing Defendants' Joint Notice of Removal to the United States District Court for the District of New Jersey, Trenton Division, were delivered and served upon:

Deepa J. Zavatsky and Diane A. Bettino
Attorneys of Record for Wells Fargo Bank
via e-mail: dzavatsky@reedsmith.com and
DBettino@ReedSmith.com
Reed Smith, LLP
136 Main Street, Suite #250
Princeton, New Jersey 08540

Signed & Executed on Wednesday, 21 August 2013 at .

By: *Dara Leigh Bloom*
Dara Leigh Bloom, Attorney-at-Law
State Bar of Texas: 00783674
1748 Prytania Street, #B5
New Orleans, Louisiana 70130
Mobile Phone: (504) 408-5492
E-mail: **dlb2670@gmail.com**

Applicant to Appear as Attorney
*Pro Hac Vice*
for Removing Defendants
Charles Edward Lincoln, III and
Michael N. Mastoris